IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

LAWRENCE D. RAILBACK JR., )
)
Petitioner, )
)
vs. ) No. CIV-16-594-W
)
JOE M. ALLBAUGH, Director, )
)
Respondent. )

## ORDER

On January 31, 2017, United States Magistrate Judge Charles B. Goodwin issued a Report and Recommendation in this matter and recommended that the Amended Petition for Writ of Habeas Corpus ("Amended Petition") filed pursuant to title 28, section 2254 of the United States Code by petitioner Lawrence D. Railback Jr. be dismissed without prejudice. See Doc. 11. Railback, an Oklahoma prisoner[1] proceeding pro se, was advised of his right to object, see id. at 10, and the matter now comes before the Court on Railback's Objection to Report and Recommendation. See Doc. 13.

Upon de novo review, the Court concurs with Magistrate Judge Goodwin's suggested disposition of this action. Ground One of Railback's Amended Petition is moot,[2] and Grounds Two and Three fail to state violations for which federal habeas relief

---

[1]Railback was convicted by a jury in the District Court for Oklahoma County, Oklahoma, on March 13, 1997, of shooting with intent to kill (Count I), attempted robbery with a dangerous weapon (Count II) and unauthorized use of a vehicle (Count III), each after two or more felony convictions. State v. Railback, No. CF-1995-7881. In accordance with the jury's recommenddations, the trial judge on April 25, 1997, sentenced Railback to a term of imprisonment of life on Count I, a term of imprisonment of forty-five (45) years on Count II and a term of imprisonment of twenty-five (25) years on Count III, each term to run consecutively. Id.

[2]In Ground One, Railback has alleged that he "was deprived of a direct appeal by . . . trial counsel," Doc. 6 at 7, because counsel "fail[ed] to . . . file [a] Notice of Intent to Appeal and a

may be granted.[3] Railback's Amended Petition should therefore be dismissed. E.g., Rule 4, Rules Governing § 2254 Cases in the United States District Courts.[4]

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 11] issued on January 31, 2017; and

(2) DISMISSES without prejudice Railback's Amended Petition [Doc. 6] file-stamped June 30, 2016.

ENTERED this 21st day of February, 2017.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

Designation of Record in a timely manner[.]" Id. at 8, ¶ (c). As the record establishes, the Oklahoma Court of Criminal Appeals ("OCCA") permitted Railback to file a direct appeal out of time, see Doc. 6-7 at 2, ¶ 2, and he subsequently did so. The OCCA in a Summary Opinion affirmed the judgments and sentences on Counts I and III, but reversed the judgment and sentence on Count II and remanded that count with instructions to dismiss. See Railback v. State, Case No. F-98-1315 (Okla. Crim. November 29, 1999).

[3]In Grounds Two and Three of his Amended Petition, Railback has alleged that he "was denied due process of law through no fault of his own[,]" Doc. 6 at 9, and "denied equal access to the courts, and denied equal protection of the law." Id. at 11. These grounds focus on errors of state law and the actions of the OCCA. Such errors are "not cognizable . . . because 'federal habeas corpus relief does not lie for errors of state law.'" Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998)(quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990))(further citations omitted).

[4]See Rule 4, Rules Governing § 2254 Cases in the United States District Courts (if it plainly appears from petition and any attached exhibits that petitioner is not entitled to relief in district court, judge must dismiss petition).

2